## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Shawn C. Brown,

                        Plaintiff,

v.

Federal Bureau of Investigation; Central
Intelligence Agency; U.S. Department of
Justice; Civil Rights; Department of
Human Rights; Saint Cloud Police
Department; Stearns County Sheriff's
Office; Stearns County Corrections;
Stearns County Prosecutor's Office;
Stearns County Public Defender's Office;
Saint Cloud Hospital; Saint Louis County
Probation; Saint Louis County
Prosecutor's Office; Saint Louis County
Public Defender's Office; Jay H. Lucas;
Duluth Police Department; North Shore
Forensic Psychology, LLC; Michael
O'Sullivan; Fairview Riverside Hospital
U of M Medical Centre; Samanth
Atkinson; Fairview Southdale Hospital;
City of Saint Cloud, MN; Rinke Noonan
Law Firm; Motel 6; Thrifty Motel;
Holiday Inn & Suites; Dan Kramer;
Oakridge Treatment; and TwinTown
Treatment,

                        Defendants.

Case No. 23-cv-1335 (KMM/LIB)

**ORDER DISMISSING CASE**

---

1

Plaintiff Shawn C. Brown did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Mr. Brown qualifies financially for IFP status, but an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Brown's pleading is barely a pleading—the complaint includes a lengthy list of defendants but no factual allegations, saying only that Mr. Brown seeks relief for

2

"Negligence" and "Civil Rights 1983." Complaint at 9 [ECF No. 1]. Attached to the pleading, however, is a lengthy exhibit that includes (among other things) medical records of Mr. Brown and court records of both criminal and civil-detention proceedings recently pending against Mr. Brown in state court. *See* Pl. Ex. [ECF No. 1-1]. Interspersed with those documents are several dozen pages of handwritten notes from Mr. Brown, and it appears that Mr. Brown may have intended for these handwritten documents to serve as part of his complaint in this matter.

There are several problems with this approach. First, due to the manner in which the case has been pleaded, it is unclear which allegations, specifically, are at issue in this case. The purpose of a complaint is to put the defendants on notice of the specific legal claims being raised against them and the factual basis for those claims. Mr. Brown's complaint, which is cast across multiple documents, fails at this task.

Second, the exhibits attached to Mr. Brown's complaint describe many different events—events that appear, on first reading, to be entirely unrelated. Under Rule 20(a)(2) of the Federal Rules of Civil Procedure,

> [p]ersons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all
defendants will arise in the action.

Mr. Brown's complaint fails Rule 20(a)(2). There is no obvious connection between the

claims raised against—to take just one of many possible examples—the Federal Bureau

of Investigation on the one hand and the Saint Louis County Public Defender's Office on

the other.

Third, despite the many allegations raised by Mr. Brown in his exhibit, none of

those allegations give rise to a plausible inference of wrongdoing over which this Court

would have jurisdiction. With respect to Mr. Brown's claims under 42 U.S.C. § 1983, very

few of the defendants named to this action are amenable to suit under § 1983, whether

because they are not state actors or because the defendants are entities that are not

amenable to suit at all. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th

Cir. 2001) ("Only state actors can be held liable under Section 1983."); *De La Garza v.

Kandiyohi County Jail, Correctional Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam)

(noting that sheriff's departments and jails are not legal entities amenable to suit). And

with respect to each of the defendants (including those would otherwise be amenable to

suit under § 1983), Mr. Brown has failed to plead plausible allegations from which a

reasonable factfinder could conclude that Mr. Brown's federal constitutional rights have

been violated.

Mr. Brown also claims that the defendants are liable for negligence, but this claim

arises under state law, not under federal law. The Court has original jurisdiction over

4

state-law claims only insofar as the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and Mr. Brown has not pleaded that this is the case. Moreover, district courts are required not to exercise supplemental jurisdiction over state-law claims where, as here, all federal-law claims have been dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). This matter will therefore be dismissed without prejudice in its entirety.

One other matter, however, requires further comment. This lawsuit is the first of twelve lawsuits that Mr. Brown initiated in this District in a little over a week. *See Brown v. Gosling*, No. 23-CV-1388 (PJS/LIB); *Brown v. Gorr*, No. 23-CV-1389 (NEB/LIB); *Brown v. Swenson*, No. 23-CV-1390 (JRT/LIB); *Brown v. Smith*, No. 23-CV-1391 (JWB/LIB); *Brown v. Civil Rights*, No. 23-CV-1393 (PJS/LIB); *Brown v. Department of Human Rights*, No. 23-CV-1394 (JWB/LIB); *Brown v. Department of Civil Rights*, No. 23-CV-1395 (NEB/LIB); *Brown v. Department of Justice*, No. 23-CV-1396 (NEB/LIB); *Brown v. Lucas*, No. 23-CV-1464 (PJS/LIB); *Brown v. Atkinson*, No. 23-CV-1465 (PJS/LIB); and *Brown v. Tomford*, No. 23-CV-1466 (JRT/LIB). Mr. Brown is filing lawsuits at such a rapid rate that the Court simply does not have time to evaluate those pleadings pursuant to § 1915(e)(2)(B) before the next batch arrives. Moreover, a cursory review of the pleadings filed in the other lawsuits indicates that Mr. Brown may not be sufficiently deliberating before electing to file these actions.

5

Defendants have a right to be free from abusive or meritless litigation, and federal courts have an obligation to protect litigants from abusive or meritless litigation. *See In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). The Court must also manage its own docket and ensure the expedient disposition of justice for all litigants. Towards those ends, Mr. Brown will be briefly restricted from initiating new litigation in this District absent judicial authorization or representation by counsel. This restriction will be imposed until July 5, 2023. This pause will permit the Court to evaluate Mr. Brown's many other pleadings—and will also permit Mr. Brown an opportunity to determine which of his many grievances are most appropriate for litigation in federal court.

**CONCLUSION**

1.    This mater is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.    The application to proceed *in forma pauperis* of plaintiff Shawn C. Brown [ECF No. 2] is **DENIED**.

3.    Brown is restricted from initiating new litigation in this District unless represented by counsel or authorized by a judicial officer of this District. This restriction is imposed until July 5, 2023.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 22, 2023                     _s/*Katherine Menendez*_____
                                        Katherine Menendez
                                        United States District Judge